# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| DWIGHT E. JORDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF DARIEN; BONITA CALDWELL; CHIEF DONNIE HOWARD; OFFICER NICHOLAUS ROUNDTREE; OFFICER ANTHONY BROWN; and OFFICER ARCHIE DAVIS,<br><br>    Defendants. | CIVIL ACTION NO.: 2:15-cv-49 |

## O R D E R

Presently before the Court is Plaintiff's Motion for Leave to Issue Subpoenas for Phone Records. (Doc. 43.) Defendants City of Darien, Donnie Howard, Archie Davis, and Anthony Brown filed a Response, (doc. 46), and Defendant Bonita Caldwell also filed a Response, (doc. 48). Plaintiff filed a Reply. (Doc. 49.) For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion.

## BACKGROUND

Plaintiff filed this cause of action on March 16, 2015. (Doc. 1.) In his Complaint, Plaintiff, a former member of the McIntosh County Board of Education, alleged that he was arrested unlawfully for making profane comments during the recess of an April 18, 2013, School Board meeting. (Id. at p. 2.) Plaintiff maintains Defendants formed a conspiracy which resulted in his removal from the meeting, an investigation into his conduct, the issuance of a warrant for his arrest, and his arrest on May 22, 2013. (Id. at pp. 4–21.) Plaintiff brought claims for violations of Georgia's Open Meetings Act, the First and Fourth Amendments to the United

States Constitution, and 42 U.S.C. §§ 1983 and 1985. (Id. at pp. 25–39.) The Court permitted Plaintiff to amend his Complaint to clarify his original allegations but did not permit Plaintiff to set forth a new cause of action against Defendants. (Doc. 39.) The Court extended the discovery deadline up to an including March 4, 2016, upon the parties' Motion. (Doc. 40.) Plaintiff's instant Motion followed.

Plaintiff now moves for leave to issue subpoenas for phone records, pursuant to Rule 45, despite the recent close of discovery. (Doc. 43, p. 1.) Plaintiff contends it took "considerable time" to get the initial production of phone records. (Id. at p. 2.) In addition, Plaintiff asserts that information garnered from deposition testimony from the last days of discovery and analysis of records he has already gathered warrant the need for review of additional records.

Specifically, Plaintiff states the deposition testimony of Daniel Lodise, Chief of the McIntosh County Campus Police, revealed his "extensive interactions" with Defendant Caldwell and others "spurred by controversies surrounding [Plaintiff's] participation and speech on the School Board in 2013 and 2014." (Id. at p. 3.) Plaintiff alleges he needs Lodise's phone records for 2013 through 2014, as Lodise "appears to have knowledge of the animus, and potentially the conspiracy against" Plaintiff. (Id. at p. 4.) In addition, Plaintiff contends he obtained the cell phone records for Defendant Davis approximately three weeks before the close of discovery, and his review of these records revealed "suspicious communications" between Defendant Davis and unidentified persons. (Id.) Plaintiff states he learned the week of the filing of this Motion that one of the numbers appearing on Defendant Davis' records belongs to William Jennings, the Deputy Chief at the Sheriff's Department. Plaintiff asserts that, if the Court grants his request, he "anticipates requesting (as part of a single global request) a handful of addition phone numbers that have only recently taken on significance." (Id.) Plaintiff avers there is no burden

or prejudice to any Defendant by his request for business records from third parties, yet he would suffer "potentially incalculable prejudice" if he were not permitted to obtain this relevant, readily available data. (Id. at p. 5.)

Defendants[1] note that discovery in this case expired on March 4, 2016, and Plaintiff should not be able to use a subpoena to obtain materials from a third party that could have been obtained during the discovery period. (Doc. 46, p. 1; Doc. 48, p. 2.) Defendants assert that Plaintiff's Motion is nothing more than an attempt to bolster his theory that an elaborate web of conspiracies between Defendants and non-parties existed. Defendants also assert that Plaintiff's Motion is actually a motion to extend discovery, but an extension of time was not requested before the discovery period ended. Defendants state Local Rule 26.2 applies to Plaintiff's Motion, and that Rule contains a "good cause shown" standard, which Defendants maintain Plaintiff cannot meet.

First, Defendants assert Plaintiff has had far more than the 140-day discovery period. In fact, Defendants note that, with extensions, the discovery period in this case was approximately four months longer than is customary. (Doc. 46, p. 3.) Additionally, Defendants assert Plaintiff's counsel had known about Lodise for more than three months before filing this Motion, as she had questioned another witness about Lodise in December 2015. Defendants also assert it is unclear how Lodise's phone records, especially for all of 2013 and 2014, would be relevant to Plaintiff's cause of action, as Lodise did not arrest Plaintiff, nor is there any allegation that Lodise conspired to violate Plaintiff's constitutional rights. Further, Defendants aver Plaintiff's counsel has already questioned Lodise and the parties about these phone calls. (Id. at pp. 3–4.)

---

[1] Though Defendant Caldwell filed a separate Response to Plaintiff's Motion and Defendant Roundtree failed to respond at all, the substance of the separate Responses by each group of Defendants are practically identical to each other. Thus, the Court refers to Defendants in the collective, unless otherwise indicated.

3

Defendants allege that Plaintiff's request for Lodise's phone records is actually a global request for a handful phone numbers "'that have only recently taken on significance.'" (Id. at p. 4 (quoting Doc. 43, p. 4).) However, Defendants assert Plaintiff obtained these numbers in February 2016, two weeks before the end of discovery, and he offers no reason for not conducting any necessary additional discovery regarding those numbers before the close of discovery. Further, Defendants note Plaintiff is speculating that any phone calls he characterizes as "suspicious" were made in furtherance of the alleged conspiracy. Defendants maintain Plaintiff has no genuine need to reopen discovery other than simply to pry further into the personal phone records of non-parties which have no bearing on whether Plaintiff was lawfully arrested. (Id. at p. 5.)

Plaintiff counters that Defendants' responses "are meant to obstruct" his ability "to obtain highly relevant documents which—had no responses been filed—he very possibly could have received from the phone companies by today."[2] (Doc. 49, p. 1.) Plaintiff avers the records he seeks to obtain will assist his understanding of the communications by and among allege co-conspirators, and he will be prejudiced if he were unable to obtain these records. Plaintiff asserts that his Motion is aimed to identify people associated with unidentified numbers, "so as to fully comprehend the call activity of Chief Donnie Howard and others." (Id. at p. 2.) In fact, Plaintiff contends he learned hours before the filing of his Reply that a previously unidentified number belongs to Defendant Anthony Brown, despite his counsel having sought this information on at least two prior occasions. Plaintiff states he "is troubled by the prolonged concealment of the very phone number used by Officer Brown to conduct police business at the time of [his] seizure

---

[2] Plaintiff's assertion that he could have already received these "highly relevant" documents had Defendants not responded to his Motion as a way to "obstruct" his request is off base. This assertion assumes the Court would have granted Plaintiff's Motion as unopposed or that Plaintiff would have issued the desired subpoenas without seeking leave of court to do so. Equally off base is Plaintiff's statement that Defendants' "extended passages of boilerplate law . . . are needless." (Doc. 49, p. 1.)

and arrest." (Id.) According to Plaintiff, he should be able to obtain his requested records of phone numbers which were unidentified through no fault of his own. Plaintiff asserts that Lodise revealed his knowledge of and association with Defendant Caldwell's agenda against Plaintiff on the last day of discovery. (Id. at p. 5.)

**DISCUSSION**

Federal Rule of Civil Procedure 45 allows any party to serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things[.]" Fed. R. Civ. P. 45(a)(1)(C). "Subpoenas are also subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are 'nonprivileged [and]. . . relevant to a party's claim or defense.'" Soto v. Castlerock Farming & Transp., Inc., 1:09-CV-00701 AWI, 2011 WL 2680839, at *7 (E.D. Cal. July 8, 2011) (quoting Fed. R. Civ. P. 26(b)(1)). Generally, requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period. Circle Grp., LLC v. Se. Carpenters Reg'l Council, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011); Liu v. Win Woo Trading, LLC, No. 14-CV-02639-KAW, 2016 WL 661029, at *1 (N.D. Cal. Feb. 18, 2016).

In civil actions, the Court must issue a scheduling order limiting the time to complete discovery. Fed. R. Civ. P. 16(b). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local R. 26.2. "Good cause exists when the parties cannot reasonably meet deadlines despite their own diligence." Vercon Constr., Inc. v. Highland Mortg. Co., 187 F. App'x 264, 265 (4th Cir. 2006). "[T]he primary consideration is the diligence of the moving party." McAfee v. Boczar, No. 3:11CV646, 2012 WL 2499420, at *2 (E.D. Va. June 27, 2012) (citing Montgomery v. Anne Arundel Cty., 182 F. App'x 156, 162 (4th Cir. 2006)).

5

Here, Plaintiff has shown diligence in obtaining all evidence relevant to his theory that Defendants conspired with each other and non-parties to violate his rights. According to Plaintiff, his counsel has spent four months attempting to obtain all relevant phone records. Plaintiff's counsel did not learn of Lodise's potential involvement in this case or the potential extent thereof until he was deposed on the last day of the extended discovery period. While Plaintiff's counsel could have decided to depose Lodise prior to the last day of discovery to avoid any potential timeliness issues surrounding this Motion, this does not mean Plaintiff has shown a lack of diligence or been dilatory in obtaining potentially relevant phone records from Defendants and third parties. Rather, the evidence before the Court reveals that Plaintiff's counsel began investigating phone records no later than December 2015. However, counsel's efforts to obtain these records in a more timely manner were partially hamstrung due to the phone carriers' waiting to disclose certain information until February 2016, which was not long before the end of the discovery period.

The Court would ordinarily deny a motion such as the one presently before it due to timeliness concerns. However, Plaintiff's counsel has shown at least some measure of diligence in obtaining this information prior to the close of discovery. This Motion does not present the Court with an instance of Plaintiff's counsel first mentioning the need for these records on the eve of discovery's end. Rather, and as noted above, counsel has been in pursuit of this type of information since at least December 2015.

This is not to say that Plaintiff's Motion should be granted *in toto*. Plaintiff's counsel will not be permitted to seek Lodise's phone records for the years 2013 and 2014, as such a request appears to be too overreaching and burdensome. Instead, Plaintiff's counsel shall be permitted to subpoena Lodise's phone records for each of the three telephone numbers he

6

identified from February 2013 up to and including June 2013. Lodise is not a party to this litigation, but his phone records could be relevant information in this case. Plaintiff already has the phone numbers associated with each of the Defendants and can cross-reference the records for these phone numbers with the records from Lodise's phone records.

In addition, Plaintiff shall not be permitted to subpoena Defendant Davis' phone records at this time. To allow Plaintiff to subpoena any more of Defendant Davis' records would be to allow counsel to delve deeper than necessary or permissible, particularly in light of counsel's admission that she received Davis' phone records approximately three weeks prior to the end of discovery. As to Defendant Davis, Plaintiff should have conducted more diligent efforts before the end of discovery including, but not limited to, moving for additional subpoenas. Plaintiff offers no compelling reason for his failure to seek Defendant Davis' phone records until this Motion.

Further, on the record currently before the Court, Plaintiff shall not be permitted to obtain future subpoenas for a "handful of additional numbers[.]" (Doc. 43, p. 4.) As stated above, Plaintiff will have the ability to cross-reference Defendants' phone records with those of Lodise. Additionally, without a showing of additional good cause, Plaintiff will not be permitted to conduct any further discovery, except as outlined herein, as discovery has indeed closed in this case.

## CONCLUSION

For the reasons and in the manner stated above, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

**SO ORDERED**, this 16th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA